**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-30254 |
| Plaintiff - Appellee, | D.C. No. 1:11-cr-00010-RFC-1 |
| v. | |
| LLOYD JOHN ROMERO, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Richard F. Cebull, Chief District Judge, Presiding

Submitted August 7, 2012[**]
Seattle, Washington

Before: BLACK,[***] GRABER, and RAWLINSON, Circuit Judges.

Defendant Lloyd John Romero appeals the district court's denial of his

motion to suppress evidence obtained in a search of his sister's house, in which he

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

[***] The Honorable Susan H. Black, Senior United States Circuit Judge for the Eleventh Circuit, sitting by designation.

was residing at the time. Before Defendant moved into the bedroom where he was found during the search, a probationer named Henry Gonzalez had lived there. Probation authorities entered the house in a warrantless search related to the arrest of Gonzalez. In the course of removing the occupants, the authorities observed contraband in plain view and obtained a search warrant. Defendant objects to evidence obtained pursuant to that search warrant, attacking the warrant for being the product of an improper initial entry into the house. We review de novo the denial of a motion to suppress. United States v. Brooks, 610 F.3d 1186, 1193 (9th Cir. 2010). Using that standard, we affirm.

1. "'[B]efore conducting a warrantless search [of a residence] pursuant to a parolee's parole condition, law enforcement officers must have probable cause to believe that the parolee is a resident of the house to be searched.'" United States v. Franklin, 603 F.3d 652, 656 (9th Cir. 2010) (second alteration in original) (quoting Motley v. Parks, 432 F.3d 1072, 1080 (9th Cir. 2005) (en banc), overruled on other grounds by United States v. King, No. 11-10182, 2012 WL 3104611 (9th Cir. Aug. 1, 2012) (en banc) (per curiam)). Because parolees, who have fewer expectations of privacy than probationers, are protected by a probable cause requirement in this context, a probationer such as Gonzalez must also be so protected. Id. "Probable cause requires 'that the facts available to the officer would warrant a man of

reasonable caution in the belief'" that the premises were the probationer's residence.  Id. (quoting Texas v. Brown, 460 U.S. 730, 742 (1983)).

Here, the probation authorities had good reason to believe that Gonzalez resided at the searched premises.  Gonzalez had been reporting that address as his residence for longer than a month, and he had reported it as his address one day before the challenged search.  Furthermore, during a previous search of the premises, the occupants had acknowledged that Gonzalez was living there.  Finally, Gonzalez never reported a formal change of address (as required by the terms of his probation).  Accordingly, the authorities had probable cause to believe that Gonzalez lived at the premises.

The authorities "were entitled to maintain that belief until presented with convincing evidence that the information they had relied upon was incorrect."  Motley, 432 F.3d at 1082 (internal quotation marks omitted).  Defendant argues that, on the day of the search, Gonzalez and the occupants of the house told the authorities that Gonzalez had moved.  But Gonzalez and the occupants reported inconsistent dates for his departure, and the occupants had previously misled the authorities regarding Gonzalez' residence at the house.  The inconsistent reports of "less-than-disinterested" sources were insufficient to undermine the authorities' reasonable belief that Gonzalez lived at the house.  See id.

3

In sum, then, when the authorities initially entered the house, they had probable cause to believe that Gonzalez lived there. Furthermore, the parties do not dispute that, because Gonzalez had just been arrested pursuant to an indictment for a methamphetamine-trafficking conspiracy, the authorities had reasonable suspicion to support the warrantless entry of his reported residence. Accordingly, the initial entry was proper, and Defendant's arguments fail.

2. Even assuming that the district court erred in declining to compel the government to grant use immunity to Gonzalez for his proposed testimony on the suppression question, any error was harmless. Gonzalez' testimony would have been duplicative of other testimony tending to show that he may have moved out before the challenged search. But nothing in the proposed testimony would have been relevant to the probation authorities' belief that he still lived there.

**AFFIRMED.**